IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROGER GODWIN,

                Plaintiff,

     v.

HON. RUDOLF RANDA,
ATTORNEY THOMAS WILMOUTH,
STEPHEN INGRAHAM, and
JUDGE J.P. STADMUELLER.,

                Defendants.

OPINION AND ORDER

Case No.  17-cv-772-wmc

---

Pro se plaintiff Roger Godwin filed this civil lawsuit under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1974), claiming that defendants violated his constitutional rights through their involvement in his criminal conviction and sentencing. This matter is before the court for imminent harm screening under 28 U.S.C. § 1915(g) because, on at least three prior occasions, Godwin has filed lawsuits dismissed as frivolous, malicious, failing to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.  Since the nature of his present claims purport to challenge validity of criminal proceedings, the court must dismiss this lawsuit without prejudice consistent with *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this proposed lawsuit, Godwin challenges his plea agreement and the sentence he received for his criminal conviction.  Under *Heck,* a plaintiff is precluded from bringing claims for damages if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 486-87.  In other words, to the extent plaintiff is seeking damages premised on a wrongful conviction or sentence, he cannot proceed unless his conviction or sentence has been "reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see*

*also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (requisite showing "would

necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck*

instructs cannot be shown through a § 1983 suit"). This rule also applies to actions under

*Bivens*. *See Case v. Milweski*, 327 F.3d 564, 568-69 (7th Cir. 2003); *see also Clemente v. Allen*,

120 F.3d 703, 705 (7th Cir. 1997) (per curium) (collecting cases).

Here, Godwin claims that he has suffered constitutional violations arising out of his

96-month, criminal sentence in *United States v. Godwin*, No. 13-cr-51 (W.D. Wis. Oct. 8,

2014). Godwin alleges that both his plea and sentence were the product of ineffective

assistance of counsel, and his consequential confinement by the Federal Bureau of Prisons

the impetus for various threats, assaults and inadequate medical care he has endured since.[1]

However, nothing in plaintiff's pleadings nor the publicly available information about his

plea, conviction and sentence indicates that any court has invalidated those proceedings,

or even called them into question. To the contrary, Godwin was unsuccessful on direct

appeal and multiple attempts to reduce his sentence, as well as a collateral post-conviction

motion to vacate pursuant to 28 U.S.C. § 2255. *Id.* (dkts. ##167, 171, 173, 178).

As a result, Godwin's allegations, even if true, would directly undermine the validity

of his conviction and sentence, and Godwin's claims in this lawsuit are barred by *Heck*.

Accordingly, the court will dismiss this case without prejudice, as well as assess him another

---

[1] Of course, this last category of these claims *may* not necessarily require overturning plaintiff's
conviction, but dismissal is still the appropriate result here. First, plaintiff's has not pleaded
imminent harm. Second, plaintiff has not pleaded adequately the nature of these claims, save that
he should never have been incarcerated, hence the bar to suit under *Heck*.

strike for bringing a frivolous lawsuit. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011)

(dismissals on the basis of *Heck* are without prejudice); *Moore v. Pemberton*, 110 F.3d 22, 24

(7th Cir. 1997) (A complaint that is barred by *Heck* is considered legally frivolous and

counts as a "strike" under 28 U.S.C. § 1915(g)).[2]


ORDER

IT IS ORDERED that:

1. Plaintiff Roger Godwin's claims in this case are DISMISSED without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to enter judgment accordingly and close this case.

3. Plaintiff Roger Godwin is assessed a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 5th day of November, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

---

[2]  In the event Godwin successfully overturns his conviction or sentence, he may not proceed on a *Bivens* claim against the judges and prosecutors involved in handing his criminal case. Indeed, judges are immune even if their acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9,10 (1991). The same principles apply to claims against prosecutors. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993).